RECEIVED

AUG 24 2017

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 24, 2017

**LETTER OPINION**

**VIA CM/ECF**
Richard E. Barber, Sr. & all counsel of record

Re: *Richard E. Barber, Sr. v. Robert Barchi, et al.*
   Civil Action No. 16-6582 (MAS) (TJB)

Dear Mr. Barber and Counsel:

This matter comes before the Court on Defendants Robert Barchi, Board of Governors (Rutgers University), Board of Trustees (Rutgers University), former President of the University of Medicine and Dentistry of New Jersey ("UMDNJ"), Board of Trustees (UMDNJ), and Louis Goetting's (collectively, the "Moving Defendants")[1] Motion to Dismiss Plaintiff Richard E. Barber, Sr.'s ("Plaintiff") Amended Complaint. (ECF No. 24.) Plaintiff filed opposition (ECF No. 26), and the Moving Defendants replied (ECF No. 27).[2] The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, the Moving Defendants' Motion to Dismiss is GRANTED.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515

---

[1] Plaintiff's action is also brought against Defendants James Archibald, Ellen Casey, Karen Silliter, and Charles D. Boyd, Ph.D. (collectively, the "Non-moving Defendants") (the Non-moving Defendants and the Moving Defendants are collectively, "Defendants"). (*See* Am. Compl. 1, ECF No. 7.) The Non-moving Defendants did not file a separate motion to dismiss.

[2] In their reply, the Moving Defendants argue that Plaintiff's opposition was untimely and should, therefore, be disregarded. (*See* Defs.' Reply Br. 1, ECF No. 27.) Plaintiff responds that he is unrepresented and that he discovered the Court's briefing schedules after missing the deadline to file opposition. (*See* Pl.'s May 18, 2017 Corresp. 1, ECF No. 28.) Based on its inherent authority to control the matters on its docket, the Court has decided to consider the merits of Plaintiff's opposition.

F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of [his] 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

"Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

Plaintiff filed the instant five-count action against Defendants under the federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, and the New Jersey False Claims Act ("NJFCA"), N.J.S.A. 2A:32A-1, *et seq.* (Am. Compl. 16-24, ECF No. 7.) Plaintiff's allegations appear to arise entirely from the time period during which Plaintiff was the Director of Purchasing Services of UMDNJ. (*See generally id.*) Plaintiff was terminated from UMDNJ on April 10, 2000. (*Id.* at 3.) Accordingly, none of the alleged conduct that Plaintiff attributes to Defendants occurred after April 10, 2000. In light of the timing of the alleged events, the Moving Defendants argue that Plaintiff's claims are barred under the applicable statute of limitations and statute of repose. (Defs.' Moving Br. 14-20, ECF No. 1-1.)

Upon reviewing Plaintiff's Amended Complaint, the Court finds that Plaintiff's claims are barred by the applicable statute of repose. Under the FCA, a plaintiff may not bring a civil action:

> *more than 6 years after the date on which the violation of section 3729 is committed*, or more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, *but in no event more than 10 years after the date on which the violation is committed*, whichever occurs last.

31 U.S.C. § 3731(b) (emphasis added). The NJFCA similarly bars a plaintiff from filing suit:

> *[m]ore than six years after the date on which the violation of the act is committed*[,] or . . . [m]ore than three years after the date when facts material to the right of action are known or reasonably should have been known by the State official charged with responsibility to act in the circumstances, *but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.*

N.J.S.A. § 2A:32C-11 (emphasis added).

2

Here, Plaintiff filed the original Complaint on October 4, 2016, which is more than ten years after any of the alleged misconduct by Defendants occurred. (*See* Compl., ECF No. 1.) In Plaintiff's opposition, Plaintiff fails to respond to Defendant's arguments regarding the statute of limitations and statute of repose. Rather, Plaintiff merely elaborates upon his allegations and sets forth questions to which he seeks answers at trial. (*See* Pl.'s Opp'n Br. 1-2, ECF No. 26.) Even liberally construing Plaintiff's Amended Complaint, and in light of Plaintiff's failure to respond to the issues with respect to the statute of limitations and statute of repose, the Court, therefore, finds that Plaintiff's claims are time-barred.

For the foregoing reasons, the Court GRANTS the Moving Defendants' Motion to Dismiss without prejudice. The Court will provide Plaintiff an opportunity to amend his pleading and will set forth the deadline to file a second amended complaint in the accompanying order.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3