NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD E. BARBER, SR.,

    Plaintiff,

v.

ROBERT BARCHI, *et al.*,

    Defendants.

Civ. No. 16-6582

OPINION

RECEIVED

MAY 3 1 2018

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon a motion to dismiss by Defendants Robert Barchi, Board of Governors (Rutgers University), Board of Trustees (Rutgers University), Stuart Cook, Board of Trustees (University of Medicine and Dentistry of New Jersey, "UMDNJ"), and Louis Goetting (collectively, "Defendants"). (ECF No. 42.) Richard E. Barber, Sr. ("Plaintiff") opposes. (ECF No. 46.) The Court has decided this Motion based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Motion is granted.

## BACKGROUND

Between July 1993 and April 2000, Plaintiff was employed as Director of Purchasing Services at UMDNJ. (*See generally* Second Am. Compl., ECF No. 40.)[1] On December 13, 1999, Plaintiff filed a confidential internal complaint for "suspected unethical and corruption

---

[1] The facts presented in the background of this Opinion are derived from Plaintiff's "Preliminary Statement" and "Statement of Facts" preceding his Second Amended Complaint, and they reflect the same narrative described in both Defendants' Motion and Plaintiff's opposition.

1

activities" by his supervisor James Archibald, Executive Vice President for Finance and Administration. He filed this complaint with Karen Silliter, Director of the Office of Compliance, and Plaintiff alleges that she subsequently informed Archibald. Plaintiff went to then-UMDNJ President Stuart Cook and was directed to and scheduled a meeting with Cook's executive assistant, Lawrence Feldman. According to Plaintiff, however, their meeting was cancelled, he never again heard from Feldman, and he was subsequently terminated on April 10, 2000 by Louis Goetting and Ellen Casey. Plaintiff claims that this termination was wrongful, discriminatory, and in retaliation for his complaint against Archibald.

Plaintiff initiated this lawsuit on October 4, 2016. He filed his Amended Complaint on December 22, 2016, pleading five counts of federal and New Jersey False Claims Act ("FCA" and "NJFCA") violations. (ECF No. 7.) On April 10, 2017, Defendants moved to dismiss the Amended Complaint, which the Honorable Michael A. Shipp granted on August 24, 2017, giving Plaintiff leave to amend. (ECF Nos. 29, 30.) Judge Shipp specifically found that the action was time-barred under the FCA statute of limitations and statute of repose. Judge Shipp afforded Plaintiff multiple extensions to re-file. (*See, e.g.*, Text Order, ECF No. 36 ("The Court will grant Plaintiff a final extension of time to file a Second Amended Complaint to November 22, 2017. If Plaintiff does not file an Amended Complaint by this deadline, the Court will dismiss Plaintiff's claims with prejudice.").) On December 21, 2017, Plaintiff filed his Second Amended Complaint under the FCA, 31 U.S.C. § 3729, *et seq.*, and NJFCA, N.J.S.A. 2A:32A-1, *et seq.* (*See generally* Second Am. Compl.) Defendants filed the instant Motion on January 12, 2018. (ECF No. 42.) This case was transferred to the Honorable Anne E. Thompson on February 27, 2018. (ECF No. 43.) After similar extensions (ECF Nos. 44, 45), on April 30, 2018, Plaintiff opposed this Motion (ECF No. 46), which is presently before the Court.

2

## **LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. Jan. 11, 2016). The court, however, may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). "Even a pro se complaint" must meet these standards. *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

The law of this Circuit permits a statute of limitations defense to be raised as a Rule 12(b)(6) motion if the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal citations omitted). A motion to dismiss based on the statute of limitations requires a court to consider: "(1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs accrual of the cause of

3

action; and (4) when the statute began to accrue for Plaintiff's claim." *Crisdon v. City of Camden*, 2012 WL 685874, at *3 (D.N.J. Mar. 2, 2012).

## DISCUSSION

Defendants assert a number of arguments in support of this Motion, arguing that Plaintiff's Second Amended Complaint should be dismissed because: it falls outside of the six year statute of limitations and ten year statute of repose for FCA claims; the action is barred under the doctrine of *res judicata* because of a *qui tam* action settled in 2010; the claims are barred under the public disclosure doctrine; and in the alternative, Plaintiff fails to state a claim and plead fraud with particularity. (Defs.' Mem. at 2, ECF No. 42-1; *see also* Defs.' Reply Letter at 1–2, ECF No. 47.) Defendants assert that Plaintiff has simply recast his previously-dismissed employment discrimination claims as FCA claims. (*Id.* at 8.)[2]

Both statutes of limitations and repose are designed to limit temporal liability, and "can operate to bar a plaintiff's suit." *CTS Corp. v. Walburger*, 134 S. Ct. 2175, 2182 (2014). As previously delineated by Judge Shipp, under the FCA, a civil action may not be brought:

> *more than 6 years after the date on which the violation of section 3729 is committed*, or more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, *but in no event more than 10 years after the date on which the violation is committed*, whichever occurs last.

31 U.S.C. § 3731(b) (emphasis added). The ten-year cap is the statute of repose, or "outer limit on the right to bring a civil action" under the FCA, and generally is not subject to tolling. *CTS Corp.*, 134 S. Ct. at 218; *see also Kellogg Brown & Root Servs., Inc. v. United States ex rel.*

---

[2] As Defendants note, much of Plaintiff's brief in opposition and Complaints emphasize allegations of employment discrimination, harassment, mistreatment, inequity of compensation, violations of due process by his supervisors, etc. (*See* Pl.'s Opp'n at 2–4, ECF No. 46.)

4

*Carter*, 135 S. Ct. 1970, 1974 (2015) ("In no circumstances, however, may a suit be brought more than 10 years after the date of a violation.").

Similarly, under the NJFCA, an action may not be brought:

> *[m]ore than six years after the date on which the violation of the act is committed[,] or . . . [m]ore than three years after the date when facts material to the right of action are known or reasonably should have been known by the State official charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.*

N.J.S.A. 2A:32C-11 (emphasis added).

Plaintiff's Second Amended Complaint is materially identical to his Amended Complaint. There are some minor omissions in the body of the Complaint detailing a background on Medicaid (*compare* Am. Compl., *with* Second Am. Compl. (omitting ¶¶ 55–58, 73–74)), and Plaintiff added a new "Preliminary Statement" in lieu of his previous shorter "Introduction." Judge Shipp dismissed Plaintiff's Amended Complaint, finding that any improper conduct Plaintiff detailed occurred more than ten years before the original complaint was filed. (Letter Op. at 3.) Specifically, "Plaintiff's allegations appear to arise entirely from the time period during which Plaintiff was the Director of Purchasing Services of UMDNJ. Plaintiff was terminated from UMDNJ on April 10, 2000. Accordingly, none of the alleged conduct that Plaintiff attributes to Defendants occurred after April 10, 2000." (*Id.* at 2 (internal citations omitted).) Given the similarities of these Complaints, the same analysis still applies.

Unlike Plaintiff's submissions on the last motion to dismiss (*see id.* at 3), however, he has responded to the statute of limitations argument raised by Defendants, providing some discussion on this issue in the Second Amended Complaint itself and in his opposition brief. Plaintiff asserts that statutes of limitations are not carved in stone and are merely guidelines for the presiding judge; therefore, justice and the magnitude of fraud here warrant leniency in the

5

Court's application of the statute of limitations. (Pl.'s Opp'n at 5.) Plaintiff emphasizes Judge Herbert Stern's two-year investigative report released in 2008 in support of this argument. (*Id.* at 6.)[3] Defendants argue that no such leniency—or legally speaking, equitable tolling—is warranted. (Defs.' Mem. at 19–20.)

Section 3731(b)(2) provides the FCA's three-year equitable tolling provision for the six-year statute of limitations. This provision is inapplicable to Plaintiff's claims. First, the government has not participated at all in this action, and there is a jurisdictional split among courts as to whether the tolling provision may even be extended to relators where the government declines to intervene. *See United States ex rel. Gonzalez v. Fresenius Med. Care N.A.*, 2010 WL 1645969, at *5–6 (W.D. Tex. Jan. 21, 2010). Courts within the Third Circuit, including this District, have declined to extend the tolling provision to such cases. *See In re Plavix Marketing & Sales Prod. Liab. Litig.*, 123 F. Supp. 3d 584, 616 (D.N.J. 2015); *United States ex rel. Silver v. Omnicare, Inc.*, 2014 WL 4827410, at *8 (D.N.J. Sept. 29, 2014) ("A plain reading of the statute compels the conclusion that an FCA claim must be filed within six years, or if the U.S. government intervenes, the limitations period is extended for three years."); *see also United States ex rel. Boise v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 559 (E.D. Pa. 2016).

For this reason, among others, Plaintiff's repeated reliance on the blog post "How a 14-year-old case escaped the False Claims Act's 6-year statute of limitations," as support for his argument that the statute of limitations may be flexibly applied to this action, is misplaced. (*See*

---

[3] On May 30, 2018, Plaintiff submitted a portion of Judge Stern's report to the Court. The Court has docketed this submission at ECF No. 48. The report of January 3, 2008, delivered to then-United States Attorney for the District of New Jersey Christopher Christie, was made pursuant to a Monitor Agreement between Judge Stern and UMDNJ that began on December 30, 2005; it discusses the results of the investigation, notes institutional changes, and makes recommendations for UMDNJ going forward. (*See* End of Monitor Report at 1–4, ECF No. 48.) This report does not affect the Court's statute of limitations analysis that follows.

6

Pl.'s Opp'n at 5 (referencing David Newman, "How a 14-year-old case escaped the False Claims Act's 6-year statute of limitations," The Contractor's Perspective, Husch Blackwell (Dec. 8, 2014), https://www.contractorsperspective.com/false-claims-act/how-a-14-year-old-case-escaped-the-false-claims-acts-6-year-statute-of-limitations/).) That article discusses *United States ex rel. Sansbury v. LB&B Assocs., Inc.*, 58 F. Supp. 3d 37 (D.D.C. 2014), where the court significantly extended the statute of limitations where a relator had filed a complaint within three years of the government learning of the fraud under section 3731(b)(2) and the FCA's relation back provision afforded that same tolling to the government's intervention. *See id.* at 51–52. This case is distinguishable and inapplicable, as it dealt with a motion to dismiss the government's claim of intervention where two distinct complaints had been filed by the relator. *See id.* at 51.

Next, Plaintiff knew or should have known of the alleged fraud and FCA violations since at least 1999. Plaintiff's Second Amended Complaint "discusses his awareness of the facts underlying the alleged fraud prior to and during its occurrence," *United States ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003), because he filed the internal complaint against Archibald alleging fraudulent conduct in 1999. He describes himself as a "*witness* and *victim*" during these events and leading to his termination. (Pl.'s Opp'n at 1 (emphasis added).) Therefore, the statute of limitations began to run as early as 1999, regardless of the timing and/or duration of Judge Stern's investigative report.

For these reasons, Plaintiff's claims are likewise not subject to equitable tolling.

> Equitable tolling is appropriate in three types of situations: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum.

7

*Malloy*, 68 F. App'x at 274. Plaintiff was not misled regarding this cause of action, given his self-described awareness of potential fraudulent conduct and FCA violations. Plaintiff has provided neither argument nor evidence that he was prevented from asserting his claims, and the final factor is inapplicable. Therefore, Plaintiff's encouragement that the Court apply equitable tolling for this type of fraud and corruption scheme is unavailing. (*See, e.g.*, Pl.'s Opp'n at 5–6.) Moreover, it is unclear whether this doctrine is applicable to FCA claims. *See, e.g.*, *Malloy*, 68 F. App'x at 273; *Boise*, 159 F. Supp. 3d at 560.

Finding Plaintiff's claims are expressly time-barred and have not been cured upon re-filing and amendment, Plaintiff's Second Amended Complaint must be dismissed. The Court need not address Defendants' remaining arguments. *See United States ex rel. Sefen v. Animas Corp.*, 607 F. App'x 165, 168 (3d Cir. 2015).

## CONCLUSION

For the foregoing reasons, Defendants' Motion is granted. An appropriate Order will follow.

Date: 5/31/18

ANNE E. THOMPSON, U.S.D.J.

8